UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID R. ROGERS, JR., | |
| Plaintiff, | Civil Action No. 16-00594-BRM-DEA |
| v. | |
| | OPINION |
| PLUMSTED TOWNSHIP BOARD OF FIRE COMMISSIONERS FIER DISTRICT NO. 1 and NEW EGYPT FIRST AID AND EMERGENCY SQUAD, INC., | |
| Defendants, | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plumsted Township Board of Fire Commissioners Fire District No. 1 ("District No. 1") and New Egypt First Aid and Emergency Squad, Inc.'s (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 33.) Plaintiff David R. Rogers ("Rogers") opposes the Motion. (ECF No. 45.) Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument, pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, Defendants' Motion for Summary Judgment is **GRANTED in part** as to Rogers' American with Disabilities Act ("ADA") claim and **DENIED in part** as **MOOT** as to Rogers' state law claims, and the Court **REMANDS** the matter to the Superior Court of New Jersey, Ocean County.

I.  BACKGROUND

The Court has, through its best efforts, taken the limited facts stated herein from the Complaint and legal memoranda, to the extent the parties directed its attention to them and properly cited to the record. "In reviewing the summary judgment evidence, the Court has no duty to search

1

the record for triable issues; rather, it need rely only on those portions of the evidentiary record to which the nonmoving party directs its attention." *Tilley v. Allegheny Cty. Jail*, No. 09-299, 2010 WL 3522115, at *3 (W.D. Pa. Sept. 8, 2010); (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992); *Ne. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662–63 (7th Cir. 1994) (stating "judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits-not only because the rules of procedure place the burden on the litigants, but also because their time is scarce.")).

Counsel for each party submitted statements of material fact that do not comply with the Local Civil Rule 56.1. *See* L. Civ. R. 56.1 (a) (stating that "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law"). Defendants' counsel submitted within their moving brief a statement of facts with only ten separately numbered paragraphs, most of which describe only the procedural history of the case both at the administrative level and before this Court. Defendants' Statement of Facts do not provide the Court with an appropriate narrative of the underlying matter. (ECF No. 33-3 at 1-4.) Counsel for Rogers failed to submit a statement of facts, and instead interwove a narrative of facts within its argument in the brief, many of which fail to cite to the record. (*See* ECF No. 45.) Consequently, it has been difficult for the Court glean the facts at issue in this matter, especially since no prior motions were ever filed, and it is not the Court's duty to search the record. *Tilley*, 2010 WL 3522115, at *3. Nevertheless, the following seems clear.

Rogers was an Emergency Medical Service ("EMS") Chief and firefighter for District No. 1 in the Township of Plumsted. (Compl. (Ex. A to ECF No. 1-1) ¶ 8; Def.s' Statement of Facts (ECF

No. 33-3) ¶ 1; ECF No. 45 at 5.) While performing his duties, he injured his shoulder, which led him to seek medical attention, where a physician prescribed him opioid painkillers. (Ex. A. to ECF No. 1-1 ¶ 9 and ECF No. 45 at 5.) Rogers became addicted to the opioid medication. (ECF No. 45 at 5 and ECF No. 45-2 at 12-15:25, 18:7-18). In November 2013, District No. 1 conducted a random drug test, which Rogers failed due to his opioid intake. (ECF No. 33-3 ¶ 7 and ECF No. 45 at 7.) In December 2013, Rogers received a notice of suspension without pay from District No. 1. (Ex. A to ECF No. 1-1 ¶ 15.) A *Laudermill*[1] hearing was conduct for the disciplinary charges against Rogers and he remained suspended without pay. (*Id.* ¶ 17; ECF No. 33-12.)

On January 15, 2014, Rogers notified District No. 1 of his intent to file a Tort Claim Notice pursuant to N.J. Ann. Stat. § 59:8-1. (ECF No. 33-6.) He alleged District No. 1 had violated his rights with respect to but not limited to: (1) the American with Disabilities Act ("ADA"); (2) the Conscientious Employee Protection Act; (3) the New Jersey Law Against Discrimination ("NJLAD"); (4) defamation; (5) negligent misrepresentation; (6) retaliatory discharge under the New Jersey Workers' Compensation law; (7) retaliatory discharge under the Worker Health and Safety Act; (8) invasion of privacy; (9) abuse of process; (10) intentional and negligent infliction of emotional distress; (11) breach of employment contract; (12) breach of implied duty of good faith and fair dealing; and (13) tortious interference with his contractual relations and prospective economic advantage. (*Id.*) Sometime thereafter, he filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 33-9.) On March 4, 2015, Rogers was discharged as EMS Chief and firefighter. (*Id.* ¶ 20.) On September 21, 2015, Rogers received a Notice of Right to Sue by the U.S. Department of Justice, Civil Rights Division, pursuant to Title I of the ADA stating:

> Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have

---

[1] In *Cleveland Board of Education v. Laudermill*, 470 U.S. 532 (1985), the Supreme Court held that the discharging of a government employee without a "pretermination hearing" was a violation of due process, even if the employee was provided access to a post-termination hearing and an appeals process.

> elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title 1 of the [ADA] against the above-named respondent.
>
> If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

(Ex. A to ECF No. 1-1 ¶ 32 and ECF No. 33-9.)

On December 23, 2015, Rogers, a New Jersey resident, initiated this lawsuit against Defendants, also all New Jersey entities, in the Superior Court of New Jersey, Ocean County, alleging thirteen causes of action: violations of the ADA, violations of the NJLAD, violations of the New Jersey Workers' Compensation law, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of implied duty of good faith and fair dealing, unjust enrichment, defamation, tortious interference with contractual relations, civil conspiracy, and fictitious entity allegations. (*See* Ex. A to ECF No. 1-1.) On February 3, 2016, the matter was removed to this Court based on federal question, since the first cause of action asserts a violation of the ADA claim. (ECF No. 1 ¶ 2.) On January 29, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 33.) Rogers opposes the Motion. (ECF No. 45.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over

4

irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010 (1985)); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d

5

238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

## III. DECISION

### A. ADA

Defendants' argue their Motion must be granted as a matter of law because Rogers filed this action beyond the 90 days allotted to institute suit after receipt of a Right to Sue Letter. (ECF No. 33-3 at 7-8.) Rogers does not address this argument. (*See* ECF No. 45 at 5-15.) Instead, Rogers argues he has established that Defendants violated his rights under the ADA. (*Id.*)

A complaint alleging discrimination under the ADA must be filed "within 90 days of the date on which the complainant has notice of the EEOC's decision not to pursue the administrative charge." U.S.C. § 2000e–5(f)(1); *see also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 & n. 4 (3d Cir.2003). "[T]he on-set of the 90–day period is generally considered to be the date on which the complainant receives the right-to-sue letter." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) Courts have "strictly construed the 90–day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Id.* (citation omitted).

Here, Rogers acknowledges, in his Complaint, that he received his Right to Sue Letter on

September 21, 2015. (Ex. A to ECF No. 1-1 ¶ 32.) The record confirms such. (*See* ECF No. 33-9.) The matter was filed on December 23, 2015, well beyond the 90-day period. Indeed, Rogers admits he "filed this action subsequent to the expiration of the 90 days from the date of receiving his Right to Sue letter." (Ex. A to ECF No. 1-1 ¶ 33.) Because courts strictly construe the 90-day period, this claim is time-barred. Accordingly, Defendants' Motion for Summary Judgment as to Rogers' ADA claim is **GRANTED**.

### B. Motion for Summary Judgment as to Rogers' State Law Claims

Regarding Rogers' remaining state law claims, violations of the NJLAD, violations of the New Jersey Workman's Compensation, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of implied duty of good faith and fair dealing, unjust enrichment, defamation, tortious interference with contractual relations, civil conspiracy, and fictitious entity allegations (Ex. A to ECF No. 1-1), the Court declines to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Del. County, Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Traditionally, this is not a matter upon which this Court would decline to exercise jurisdiction over supplement claims, considering the case is nearing three years old. However, because counsel for each side submitted statements of material fact that do not comply with the Local Civil Rule 56.1 and because it is difficult for the Court to glean the material facts at issue in this matter with respect

7

to the remaining claims, the Court would require the parties, if the matter remained in this Court, to re-file the Motion for Summary Judgment and responsive briefs in order to comply with the Rules. Because the parties would have to re-file their submissions, the Court finds it would not be an inconvenience or unfair to the litigants if they re-filed these motions in the Superior Court of New Jersey. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** in part as to Rogers' ADA claim and **DENIED in part** as **MOOT** as to Rogers' state law claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED** in part as to Rogers' ADA claim and **DENIED in part** as **MOOT** as to Rogers' state law claims. This matter is **REMANDED** to the Superior Court of New Jersey, Ocean County.

Date: January 31, 2019                              */s/ Brian R. Martinotti*
                                                    **HON. BRIAN R. MARTINOTTI**
                                                    **UNITED STATES DISTRICT JUDGE**